

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-22-2008

# Ella Henderson v. Kerns-Barr

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2665

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ella Henderson v. Kerns-Barr" (2008). *2008 Decisions*. Paper 336.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/336

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-7                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2665
_____

ELLA MAE HENDERSON,
Appellant

v.

MRS. KERNS-BARR; OFFICER RIPPEY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 07-cv-00936)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 9, 2008

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

(Opinion filed October 22, 2008)
_____

OPINION
_____

PER CURIAM

Ella Henderson, a state prisoner proceeding pro se, appeals an order of the

United States District Court for the Middle District of Pennsylvania granting summary

judgment for the defendants in her civil rights action, and an order denying her motion for

reconsideration. We will affirm the District Court's orders.

The record reflects that Henderson was standing in line for medication at the prison infirmary when Corrections Officer Brenda Rippey asked her whether she was wearing her state-issued brown t-shirt. Henderson replied that she was and opened her coat to show Rippey the t-shirt. According to Henderson, she asked Rippey her name and then entered the infirmary to receive her medication without incident. Rippey, however, states that Henderson ran towards her in a threatening manner with her fists clenched and screamed, "What the hell is your name? I'm f------ sick of this s—." Rippey states that she believed Henderson was going to assault her, and that she ordered Henderson several times to get her medication and return to her housing unit.

Rippey filed a misconduct report charging Henderson with threatening an employee or his family with bodily harm, using abusive, obscene, or inappropriate language to an employee, and refusing to obey an order. L.S. Kerns-Barr conducted a disciplinary hearing. Kerns-Barr's report reflects that Henderson pleaded not guilty and provided her version of the incident.[1] Kerns-Barr denied Henderson's requests to have Rippey appear and to present witnesses, noting that they were not necessary to establish Henderson's guilt or innocence. Kerns-Barr viewed a video of the incident, but she found the video inconclusive. Kerns-Barr credited Rippey's written report and found

---

[1] The hearing report reflects that Henderson stated that, after she showed Rippey her t-shirt, the officer thanked her. Henderson stated that she and Rippey had an exchange of pleasant words, but she did tell Rippey "she was not welcome." Def. Statement of Material Facts, Ex. C.

Henderson guilty. Henderson received 90 days in disciplinary custody. Her administrative appeals were unsuccessful.

Henderson then filed a civil rights action against Kerns-Barr and Rippey alleging that she was not guilty of the charges, that she was unable to present witnesses at her hearing, and that she was denied her medication while in disciplinary custody. The District Court construed Henderson's complaint as asserting violations of her due process and Eighth Amendment rights. The District Court granted the defendants' motion for summary judgment, and denied Henderson's subsequent motion for reconsideration. This appeal followed.

We agree with the District Court that summary judgment was warranted on Henderson's due process claim because her 90-day disciplinary confinement did not implicate a liberty interest. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that prisoner's disciplinary segregation did not deprive him of a cognizable liberty interest where confinement did not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life). Although Henderson attested that the misconduct report caused her parole to be "held up," as recognized by the District Court, she provided no evidence showing that her release date was affected.[2]

Summary judgment also was warranted on Henderson's Eighth Amendment

_____

[2]Because Henderson was not entitled to the procedural protections set forth in Wolff v. McDonnell, 418 U.S. 539 (1974), we find it unnecessary to address the District Court's further conclusion that Henderson's hearing satisfied all constitutional mandates. See Sandin, 515 U.S. at 487.

3

claim based on the denial of medication while in disciplinary custody. The District Court correctly concluded that Henderson did not establish – or even claim – that either Rippey or Kerns-Barr was personally involved in her medical care. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Finally, the District Court did not abuse its discretion in denying Henderson's motion for reconsideration.

Accordingly, because this appeal does not raise a substantial question, we will affirm the District Court's orders.[3]

---

[3]Henderson's motions for appointment of counsel are denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (requiring claim to appear to have some merit in fact and law before counsel will be appointed).